**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7480**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ALBERT CHARLES BURGESS, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:09-cr-00017-GCM-DLH-1)

Submitted:  May 31, 2016            Decided:  June 16, 2016

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., was convicted after a jury trial of knowingly possessing visual materials depicting a minor engaging in sexually explicit conduct, which were shipped in interstate commerce via computer, in violation of 18 U.S.C. § 2252(a)(4)(B) (2012), and knowingly receiving visual materials depicting a minor engaging in sexually explicit conduct, which were shipped in interstate commerce via computer, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced Burgess to a total of 292 months' imprisonment and ordered that he pay $305,219.86 in restitution under the Mandatory Restitution for Sexual Exploitation of Children Act (MRSECA), 18 U.S.C. § 2259 (2012), for losses suffered by "Vicky," a child victim portrayed in pornographic material in Burgess' possession. Burgess appealed, and argued, among other matters, that the district court had erred in ordering restitution to Vicky because it did not determine that his conduct proximately caused harm to her. This court agreed and held that 18 U.S.C. § 2259 "invokes the well-recognized principle that a defendant is liable only for harm that he proximately caused." United States v. Burgess, 684 F.3d 445, 457 (4th Cir. 2012). This court vacated the restitution order and remanded the case to the district court "for an individualized determination of proximate causation" of such losses and an appropriate award to Vicky if such causation

2

was found.  Id. at 460.  This court affirmed Burgess' convictions and all other aspects of his sentence.  Id.

On remand, the district court entered an amended judgment re-imposing the 292-month prison term and imposing $600 in restitution.  On appeal from the amended judgment, Burgess' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court abused its discretion in ordering that Burgess pay the $600 restitution sum to Vicky and whether the court erred in ordering Burgess to pay that sum to Vicky when the facts supporting the award were never admitted by him or proven beyond a reasonable doubt at trial.  Burgess has filed three pro se supplemental briefs.  We affirm.

We review restitution orders for abuse of discretion. United States v. Llamas, 599 F.3d 381, 391 (4th Cir. 2010). A district court abuses its discretion when it "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007).

The MRSECA provides that a district court "shall order restitution for any offense" under chapter 110 of Title 18 of the United States Code, and that the restitution order "shall

3

direct the defendant to pay the victim . . . the full amount of the victim's losses." 18 U.S.C. § 2259(a), (b)(1). A "victim" is "the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. § 2259(c). Burgess was convicted of violating 18 U.S.C. § 2252-a chapter 110 offense-and Vicky was the child victim portrayed in the materials in Burgess' possession. Burgess, 684 F.3d at 448.\* Burgess was "responsible for losses sustained by Vicky that he proximately caused." Burgess, 684 F.3d at 459; see Paroline v. United States, 134 S. Ct. 1710, 1719-22 (2014) (holding that restitution is "proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses").

In applying § 2259's causation requirement, district courts are not bound to apply any particular formula for determining the proper restitution amount. Paroline, 134 S. Ct. at 1728. Courts "might, [however,] as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . . , then set an award of restitution in consideration of factors that bear on the relative causal

---

\* Burgess' arguments in his pro se briefs that he did not possess images of Vicky are meritless. The district court was precluded by the mandate rule from considering this issue on remand. See Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

4

significance of the defendant's conduct in producing those losses." Id. These factors could include:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

Id.

We conclude that the district court did not abuse its discretion in ordering Burgess to pay $600 in restitution to Vicky. The district court considered Burgess' relative role in the causes underlying Vicky's undisputed losses consistent with Paroline and Burgess.

Counsel and Burgess also question whether the district court erred in ordering payment of the $600 restitution sum to Vicky when the facts supporting the order were never admitted by Burgess or proven beyond a reasonable doubt at trial. We conclude that Burgess fails to establish any plain error by the district court in this regard. See United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010) (plain error review controls where defendant does not object to sentencing ruling in district court). Burgess' challenge to the conclusion

5

that he could be held liable for restitution to Vicky in the absence of a finding by the jury that he possessed and received material containing her image was rejected as meritless in his initial appeal. Burgess, 684 F.3d at 455 n.5. Counsel's and Burgess' challenge premised on the lack of a jury verdict is thus barred by the doctrine of the law of the case, and neither counsel nor Burgess has suggested that any of the exceptions to the doctrine apply. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto). Further, the district court was precluded by the mandate rule from considering on remand the challenge premised on the lack of admission by Burgess to possessing and receiving material containing Vicky's image. See Doe, 511 F.3d at 465; Bell, 5 F.3d at 66.

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and the remainder of Burgess' pro se briefs and have found no meritorious issues for appeal. We therefore affirm the amended judgment. This court requires that counsel inform Burgess, in writing, of the right to petition the Supreme Court of the United States for further review. If Burgess requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

6

representation.  Counsel's motion must state that a copy thereof was served on Burgess.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED